**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Roderick Ferrell Thomas, | ) | |
| | ) | |
| Petitioner, | ) | 1:05-3266-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On November 22, 2005, pursuant to 28 U.S.C. §2255, the petitioner commenced this pro se action attacking his guilty plea and sentence. On September 22, 1999, a federal grand jury charged the petitioner in a four count indictment. Counts One, Two, and Three charged Thomas with Possession with Intent to Distribute Crack Cocaine in violation of 21 U.S.C. §841(a)(1). Count Four of the indictment charged the petitioner with knowingly using and carrying a firearm during, in relation to, and in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1).

On November 8, 1999, the petitioner pled guilty to Counts Three and Four of the indictment. On April 5, 2000, the Court sentenced the petitioner to 60 months in prison for Count 1 and Count 3 and 60 months in prison for Count 4 to run consecutively, followed by 5 years supervised release. On April 24, 2000, the Court entered judgment. On June 1, 2000, the Court amended the judgment to correct a clerical error and reflect that the petitioner pled guilty only to Counts 3 and 4 of the indictment.

On April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act

(AEDPA), 28 U.S.C. §2255 was amended to provide for a statute of limitations period:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or errors presented could have been discovered through the exercise of due diligence.

The Court entered judgment against the petitioner on April 24, 2000, and amended judgment on June 1, 2000. The petitioner filed notice of appeal on May 2, 2000. On March 19, 2001, the Fourth Circuit Court of Appeals affirmed the petitioner's sentence. The petitioner filed this action on November 22, 2005, more than four years after the petitioner's judgment became final. On December 5, 2005, the Court gave the petitioner 60days to file any material to show that this action has been filed within the limitations period described above. The petitioner failed to do so.

The Court therefore dismisses the petition as untimely.

**AND IT IS SO ORDERED**.

*C. Weston Houck* _____

May 24, 2006                     **C. WESTON HOUCK**
Charleston, South Carolina       **UNITED STATES DISTRICT JUDGE**